**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4937**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

TERRENCE D. MARSH,

          Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Senior District Judge.  (1:19-cr-00019-IMK-MJA-1)

Submitted:  July 31, 2020                      Decided:  August 11, 2020

Before WILKINSON and MOTZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  William J. Powell, United States Attorney, Wheeling, West Virginia, Brandon S. Flower, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrence D. Marsh was convicted by a jury of conspiracy to possess with intent to distribute and to distribute controlled substances (heroin, fentanyl, and methamphetamine), in violation of 21 U.S.C. § 846 (Count One); aiding and abetting possession with intent to distribute methamphetamine within 1000 feet of a protected location, in violation of 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1) (Count Two); aiding and abetting possession with intent to distribute heroin within 1000 feet of a protected location (Count Three); aiding and abetting possession with intent to distribute fentanyl within 1000 feet of a protected location (Count Four); and aiding and abetting possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A) (Count Seven). The district court sentenced Marsh to concurrent 235-month terms on the drug counts and a consecutive 60-month sentence on the firearms count. Marsh appeals.

Marsh first argues that the district court erred in denying his motion for judgment of acquittal as to Count Seven. We review a district court's denial of a motion for judgment of acquittal de novo. *United States v. Reed*, 780 F.3d 260, 269 (4th Cir. 2015). Where a Fed. R. Crim. P. 29 motion is based on insufficiency of the evidence, the verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. *Glasser v. United States*, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Burgos*, 94 F.3d at 862.

A defendant is guilty under § 924(c)(1)(A) if, during and in relation to a drug trafficking crime or crime of violence, he uses or carries a firearm, or if he possesses a firearm "in furtherance of" such a crime. *See United States v. Pineda*, 770 F.3d 313, 317 (4th Cir. 2014). Actual possession is not necessary; constructive possession is sufficient. *United States v. Branch*, 537 F.3d 328, 342-43 (4th Cir. 2008).

To prove aiding and abetting under § 924(c), the Government must show "that the defendant actively participated in the underlying drug trafficking . . . crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." *Rosemond v. United States*, 572 U.S. 65, 67 (2014). We have reviewed the record and find that, viewed in the light most favorable to the Government, the jury could reasonably infer that Marsh had advance knowledge of the gun found on a coffee table and that it was being used to facilitate a drug trafficking offense.

Next, Marsh asserts that the district court erred in refusing to admit statements made by a codefendant at the codefendant's guilty plea hearing. We review the district court's evidentiary rulings for abuse of discretion. *United States v. Hassan*, 742 F.3d 104, 130 (4th Cir. 2014). Rule 804(b)(3), Fed. R. Evid., provides for an exception to the hearsay rule for statements that (1) a "reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability" and (2) "is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant

3

to criminal liability." Factors to consider in determining whether a statement is admissible under this exception include: (1) whether the declarant had at the time of making the statement pled guilty or was still exposed to prosecution for making the statement; 2) the declarant's motive in making the statement and whether there was reason to lie; 3) whether the declarant repeated the statement and did so consistently; 4) the party or parties to whom the statement was made; 5) the relationship of the declarant with the accused; and 6) the nature and strength of the independent evidence relevant to the conduct in question. *United States v. Bumpass*, 60 F.3d 1099, 1102 (4th Cir. 1995). The party seeking to introduce the statement has the "formidable burden" of establishing these prerequisites. *United States v. Blake*, 571 F.3d 331, 350 (4th Cir. 2009) (internal quotation marks omitted).

Here, the district court appropriately weighed each of the factors announced in *Bumpass* and concluded that Marsh failed establish the admissibility of the statements at issue. We find no abuse of discretion.

Finally, Marsh challenges the quantity of drugs for which he was held accountable as relevant conduct at sentencing. "Relevant conduct in conspiracy cases includes all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." *United States v. Flores-Alvarado*, 779 F.3d 250, 255 (4th Cir. 2015) (internal quotation marks omitted); *see* U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(B). "[I]n order to attribute to a defendant for sentencing purposes the acts of others in jointly-undertaken criminal activity, those acts must have been within the scope of the defendant's agreement and must have been reasonably foreseeable to the defendant." *Id.* at 255 (internal quotation marks omitted). The district court's calculation of the

quantity of drugs attributable to a defendant for sentencing purposes is reviewed for clear error. *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013).

Marsh was held accountable for the entire amount of drugs seized from the house where he and the other codefendants were found. The district court found that, based on evidence presented at trial, it was reasonably foreseeable to Marsh that the drugs in the house were intended for distribution. We do not find this conclusion to be clearly erroneous.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*